Ronald Dick v. Commissioner.
Dick v. Commissioner
Docket No. 4179-669
United States Tax Court
T.C. Memo 1968-32; 1968 Tax Ct. Memo LEXIS 266; 27 T.C.M. (CCH) 149; T.C.M. (RIA) 68032; February 21, 1968. Filed Ronald Dick, pro se, C.W.Post College, Greenvale, N. Y. Jay S. Hamelburg, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $174.95 in the income tax of petitioner and Marjorie A. Dick for the year 1964. On November 17, 1966, pursuant to respondent's motion, the case insofar as it related to Marjorie A. Dick was dismissed for lack of jurisdiction. The issues for decision are whether petitioner is entitled to deductions *267 for legal expenses and a pension fund loss as claimed on his income tax return for 1964, and for health insurance premium payments claimed in an amended petition filed on March 23, 1967. Respondent has conceded that petitioner is entitled to a $120 deduction of the $300 which he claimed for legal expenses on his 1964 income tax return. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Ronald Dick (herein called petitioner) and Marjorie A. Dick are husband and wife. They filed their joint Federal income tax return for the year 1964 with the district director of internal revenue at Brooklyn, New York. Petitioner's legal residence at the time his petition was filed in this proceeding was Franklin Square, New York. 150 Petitioner held an appointment as Lecturer in Mathematics at Queens College in Flushing, New York, from September 1, 1961, through August 31, 1962. His appointment was not renewed upon its expiration on August 31, 1962. Petitioner appealed the decision of Queens College not to renew his appointment to the New York State Department of Education and attended *268 a hearing on the matter in Albany, New York, on November 17, 1964. Petitioner lost his appeal and was not reemployed by Queens College. Matters arising from Queens College's decision not to reemploy petitioner were the basis of the controversy in a prior Tax Court case entitled Ronald Dick and Marjorie A. Dick, Docket No. 4134-63. In that case the parties signed a settlement stipulation, and a decision based on the stipulation was entered by the Court on June 11, 1964. The incident at Queens College was also the basis of several other legal actions initiated by petitioner against various officials of Queens College. Petitioner paid certain legal fees in conjunction with these actions. However, he had no attorney for any of his legal actions in 1964; nor were any payments made to attorneys for legal services in that year. On July 9, 1964, petitioner made an application to the Teachers' Retirement System of the City of New York for the return of salary deductions allegedly to his credit in its pension fund. The application was based on petitioner's contention that he was "suspended illegally" from Queens College. He later received a refund of approximately $80 from the pension fund. *269 Petitioner had several health insurance policies which were in effect from December 1959 through December 1964. He surrendered them at the end of 1964, apparently in connection with the Queens College incident. No premium payments on these policies were made during the year 1964. Opinion Petitioner contends that he and Marjorie are entitled to the deductions of $1,000 claimed on their joint Federal income tax return for the year 1964 which the respondent has disallowed. He asserts a right to deduct legal expenses, a pension fund loss and health insurance premium payments. In addition, he asks that this Court take an active role in several other matters, namely (1) to aid him in obtaining records in the possession of Queens College which relate to the decision not to renew his employment contract, (2) to determine the correctness of the action taken on his appeal to the Commissioner of the New York State Department of Education, (3) to ascertain whether either the respondent or this Court acted with fraudulent intent with respect to the agreed settlement reached and decision entered in Docket No. 4134-63, and (4) to determine whether petitioner was "insane" so as to qualify him *270 for health insurance payments on the policies he carried. First, we cannot consider the collateral matters because they are beyond the periphery of our limited, specific and statutorily conferred jurisdiction. See section 7442, Internal Revenue Code of 1954. Our jurisdiction is limited principally to cases in which the Commissioner of Internal Revenue has determined a deficiency in income, estate or gift tax and has sent the taxpayer a notice of deficiency pertaining thereto. The matters the petitioner attempts to inject into this case are far afield from our limited jurisdiction of ascertaining the correctness of the income tax deficiencies determined by respondent. Respondent has conceded that petitioner is entitled to a deduction of $120 of the $300 claimed for legal expenses in the year 1964. This amount reflects costs incurred by petitioner in attending the hearing in Albany concerning his attempt to be reinstated as an employee of Queens College. Beyond this, however, even the petitioner acknowledges the fact that he neither incurred nor paid for legal services during the year 1964. Therefore, we must deny the remaining portion of the deduction claimed. *271 Cf. Estate of Harry A. Gordon,- 47 T.C. 462, 466 (1967). A loss of pension funds in the amount of $700 is claimed by petitioner on the theory that if he was dismissed illegally from his teaching position at Queens College, then he was entitled to receive money credited to the pension fund. He argues that since he received $80 upon his application for such a refund, this proves that he was illegally dismissed. In effect, he wants this Court to review the legality of the decision not to renew his employment contract, particularly since he contends he had no effective appeal of that decision within the framework of the New York State court system. This we cannot do. Nor can we allow a deduction for this loss. Petitioner 151 has not shown that these funds were ever credited to his account or vested in him; he has not shown that the $80 which he received was not in full satisfaction of his rights in the retirement fund; and he has not shown that his alleged loss occurred in 1964. In view of this lack of evidence, the deduction cannot be allowed. Petitioner next contends that even if he cannot take a deduction in 1964 for a pension loss, he is entitled to a deduction *272 for health insurance premium payments. He argues that if he was as sick as he believes Queens College officials said he was, he could have collected "tax free funds" on the health insurance policies. Be that as it may, the petitioner made no premium payments on the policies in the year 1964, and he cannot prorate amounts paid in 1963 over the life of the policies. Cf. Estate of Harry A. Gordon, supra. Nor is he entitled to a deduction for insurance payments which were never accrued to his account but to which he believes he is entitled. Petitioner urges that the proper handling of the deductions in question is controlled by our opinions in Nathan Agar T.C. Memo. 1960-21, and Mason K. Knuckles T.C. Memo. 1964-33. In each of those cases the issue was whether amounts received by the taxpayer in settlement of a proposed suit against his former employer were damages for injury to his personal reputation and therefore excludable from income. These cases are inapposite. Allowance of the deductions in the instant case depends upon the specific provisions under which the deductions were taken and is not analogous to the question of whether amounts received are excludable from gross income *273 under section 104(a)(2). Petitioner has also cited two Supreme Court cases dealing with the question of whether college professors were improperly dismissed from teaching positions. These cases are wholly irrelevant to this proceeding. Accordingly, we sustain respondent on the disputed tax issues, but to reflect the $120 concession. Decision will be entered under Rule 50.